ILLINOIS CENTRAL RAILROAD COMPANY

*v.*

RILEY V. OWENS *et al.*

1. COMMON CARRIERS—*delay in transporting stock—construction of contract.* In an action against a railroad company to recover damages for delay in transporting a lot of hogs, it appeared the contract was, that the company should not be liable for loss "by delay of trains, or any damage said property might sustain, except such as might result from a collision of a train, or when cars were thrown from the track in course of transportation." During the trip, one car was thrown from the track by reason of a broken rail, while all the cars containing the hogs remained on the track: *Held*, the company were liable for whatever hogs were lost, or whatever shrinkage occurred by reason of the delay caused by the accident.

2. But the company would not be liable for injury resulting from delay not attributable to the accident, such as delay caused by the cold weather.

3. PARTIES—*who may sue upon a contract made in the name of one partner.* One of two partners entered into a written contract, in his own name, with a railroad company, for the transportation of property belonging to the firm. The parties had no particular way of signing the firm name, signing, sometimes, in the names of both partners, and sometimes in the name of one or the other of them, individually: *Held*, a suit could be maintained in the names of both partners, for a breach of the contract.

APPEAL from the Circuit Court of DeWitt county; the Hon. JOHN M. SCOTT, Judge, presiding.

The opinion states the case.

Messrs. MOORE & WARNER and Messrs. WILLIAMS & BURR, for the appellants.

Mr. E. H. PALMER and Messrs. WELDON, TIPTON & BENJAMIN, for the appellees.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit, brought to the circuit court of DeWitt county, by Owens & Strain against the Illinois

Central Railroad Company, as common carriers. There was a trial by a jury, and a verdict for the plaintiffs. A motion for a new trial was made by the defendants, which the court overruled, and rendered judgment on the verdict.

To reverse this judgment, the defendants appeal.

The property in question was a lot of hogs, shipped under the following contract :

FREIGHT OFFICE, ILLINOIS CENTRAL RAILROAD Co.
CLINTON, ILL. Dec. 6, 1864.

Received of R. V. Owens three (3) cars hogs, 150, more or less, shipper's count, to be delivered at Chicago station, at special rates, being forty-seven dollars per car. In consideration of which, and for other valuable considerations, it is hereby mutually agreed that said company shall not be liable for loss by jumping from the cars, delay of trains, or any damage said property may sustain, except such as may result from a collision of a train, or when cars are thrown from the track in course of transportation.

To be fed and taken care of by owner.

No. of cars: 926, 752, 218.

Subject to $2\frac{1}{2}$ per cent U. S. tax.

J. A. RUSBACK, Agent.

R. V. OWENS.

The question is, upon the construction of this contract.

By the terms of the contract, the liability of appellants was limited to damages which the property might sustain from a collision of trains, or when cars should be thrown from the track in the course of transportation.

The case shows that one car was thrown from the track by reason of a broken rail, while all the cars containing appellees' hogs remained on the track, and it is insisted by appellants that, for that reason, the appellees cannot recover. Their idea is, because the cars containing the hogs remained on the track, therefore they should not recover.

We think this is a view of the contract quite too narrow to meet the intention of the parties. We have no doubt that

damage from delay occasioned by cars being thrown from the track, though the cause itself is embraced within the exception of the contract, is as much a ground of recovery as if the hogs had been killed or crippled directly by the accident, and this was the view of the circuit court, and which we approve. The proof shows, beyond all controversy, that there were many hours of delay at the place of the accident, and further delay occurred by reason that the train thereby lost " the right of the road," and which delay, we think, was fairly attributable to the accident, and for whatever hogs were lost, or for whatever shrinkage occurred by reason of such delay, appellees should be allowed to recover. But the evidence satisfies us that all the delay was not attributable to this accident ; a part of it arose from other causes, the chief of which was the extreme cold weather. Had not the accident, by means of the broken rail, occurred, the evidence satisfies us that the train must have been delayed more or less by the intense cold. But for this, it would not have been necessary to divide the train at Kankakee, a station between the place of the accident and Chicago, and by reason of which the hogs were detained some hours. This delay was certainly not within the exception of the contract, and by its terms, appellants are not responsible for the damages occasioned by it. It may be, appellants, notwithstanding the contract, might be liable for damages which were caused by reason of the gross negligence or willful misconduct of their servants, but there is no pretense of such here. Manifestly, they acted in good faith, and with a view to get the hogs to their place of destination as speedily as possible. Appellants must be held exempt from damages resulting from any delay produced by causes other than the accident, and this by a fair interpretation of the contract.

The court erred, therefore, in instructing the jury that they were liable for all the damages which occurred during the entire trip, however occasioned.

A point is made that the action is brought by Owens & Strain, when the contract is executed by Owens alone. The proof is,

that these parties had no particular way of signing the firm name ; that it was sometimes signed Owens & Strain, sometimes Strain and sometimes Owens, as in this case. The property was partnership property.

For the reasons given, the judgment is reversed and the cause remanded.

*Judgment reversed.*